Tina HOLLIDAY, et al., Plaintiffs,

v.

EXTEX, et al., Defendants.

Timothy Holliday, et al. Plaintiffs,

v.

Extex, et al., Defendants.

Marlette Thomas, etc., et al., Plaintiffs,

v.

K & S Helicopters, Inc.,
et al., Defendants.

No. CIV. 05–00194SPK–LEK, CIV.05–
00299 SPK–LEK, CIV.05–00319
DAE–LEK.

United States District Court,
D. Hawaiʻi.

Aug. 10, 2006.

Mark S. Davis, Michael K. Livingston, Davis Levin Livingston Grande, Honolulu, HI, Niall G. Yamane, Terry O'Reilly, O'Reilly Collins & Danko, San Mateo, CA, for Plaintiffs, Tina Holliday, et al.

Neill T. Tseng, Allison M. Mizuo, Jeffrey S. Portnoy, Marion Llanes Reyes–Burke, Cades Schutte, Calvin E. Young, Gary S. Miyamoto, Steven L. Goto, Ayabe Chong Nishimoto Sia & Nakamura, Kenneth K. Fukunaga, Lois H. Yamaguchi, Fukunaga Matayoshi Hershey & Ching, John R. Lacy, Goodsill Anderson Quinn & Stifel LLP, Honolulu, HI, Brittany M. Schultz, Dykema Gossett PLLC, Bloomfield Hills, MI, Eric Pederson, Rolls–Royce Corporation, Indianapolis, IN, James L. Burt, III, Maloney Bean Horn & Hull, Irving, TX, for Defendants, Extex, et al.

Kenneth J. Mansfield, William C. McCorriston, McCorriston Miller Mukai

MacKinnon LLP, Honolulu, HI, Richard E. Genter, Law Offices of Richard E. Genter, Jenkintown, PA, for Plaintiffs, Marlette Thomas, Etc., et al.

*ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT ROLLS–ROYCE CORPORATION'S MOTION TO COMPEL PLAINTIFFS TO RETURN PRIVILEGED DOCUMENTS THAT WERE INADVERTENTLY PRODUCED; AND DENYING DEFENDANT ROLLS–ROYCE CORPORATION'S MOTION FOR PROTECTIVE ORDER*

KOBAYASHI, United States Magistrate Judge.

Before the Court is Defendant Rolls–Royce Corporation's ("RRC") Motion to Compel Plaintiffs to Return Privileged Documents that Were Inadvertently Produced ("Motion for Return"), filed July 13, 2006, and Motion for Protective Order, filed July 13, 2006. Plaintiffs Tina Holliday, Individually, and as Special Administrator for the Estate of Russell Holliday, and as Next Friend for her Minor Children, Cheyanne Holliday and Austin Holliday, and Plaintiffs Timothy Holliday and Darlene Holliday (all collectively "Plaintiffs Holliday") filed an opposition on July 21, 2006, addressing both motions. These matters came on for hearing on July 28, 2006. Appearing on behalf of Plaintiffs Holliday was Stephen Purtill, Esq., by telephone, and appearing on behalf of RRC was Brittany Schultz, Esq., by telephone, and Kenneth Fukunaga, Esq. Also present were: Peter Fong, Esq., on behalf of Plaintiff–Intervenor Hawai'i Employers' Mutual Insurance Company, Inc.; Jeffrey Portnoy, Esq., on behalf of Defendant Extex Ltd., LLC; and John Lacy, Esq., on behalf of Defendant Superior Air Parts, Inc. After careful consideration of the mo-

tions, supporting and opposing memoranda, and the arguments of counsel, RRC's Motion for Return is HEREBY GRANTED IN PART AND DENIED IN PART, and RRC's Motion for Protective Order is HEREBY DENIED for the reasons set forth below.

## BACKGROUND

The instant consolidated cases arise from a helicopter crash that occurred on June 15, 2003 on the Island of Hawai'i, in a lava field in Volcano National Park. The pilot, Russell Holliday, and all three of the passengers died as a result of the crash. The crash has been attributed to an inflight engine failure. The plaintiffs in these consolidated cases allege that the engine failed because of a fracture of the compressor adaptor coupling ("CAC") and the defective design of other engine parts, including the spur adaptor gearshaft ("SAG") and the impeller. RRC designed and manufactured the engine on the subject helicopter, including the SAG and the impeller, but it did not design, manufacture, maintain, or sell the CAC, which was produced by Defendant Extex, Ltd.[1]

### I. *Motion for Return*

RRC states that it has produced almost 10,000 pages of documents to Plaintiffs Holliday during the course of discovery. On April 3, 2006, counsel for RRC inadvertently produced a document, GM–RR 7252–7256, that was prepared by RRC's outside counsel in a pending Florida case. It concerns the firm's opinions of RRC's document retention policy. Outside counsel prepared it for use in the Florida case and for the purpose of providing legal advice to RRC. RRC states that the underlying documents summarized in GM–RR 7252–7256 are in Plaintiffs Holliday's

---

1. The claims against RRC have been dismissed, except insofar as there is a genuine issue of material fact regarding whether the SAG contributed to the fracture of the CAC.

possession, but that GM–RR 7252–7256 itself is attorney work product. As soon as RRC realized the error, it asked Plaintiffs Holliday to immediately destroy any copies or return them to RRC. Plaintiffs Holliday have refused to do so.

On May 17, 2006, counsel for RRC inadvertently produced document GM–RR 8216, which contains handwritten notes to outside counsel. Doug Sleeman, an RRC employee, placed the notations on the document to assist counsel in the defense of the action. RRC produced the underlying document, without the notations, to Plaintiffs Holliday. RRC argues that GM–RR 8216 is attorney-client privileged and work product. RRC asked Plaintiffs Holliday to return the document, but Plaintiffs Holliday refused.

RRC filed the Motion for Return, seeking an order compelling Plaintiffs Holliday to return the documents, including any copies that they provided to other persons, such as their experts. RRC provided copies of the inadvertently produced documents to this Court for an *in camera* review.

RRC asserts that there is no dispute that the documents in question are privileged and argues that Plaintiffs Holliday have no good faith basis to retain the documents. RRC further argues that Plaintiffs Holliday are obligated to return the documents under the relevant legal authority and under the parties' Stipulation and Order Regarding Confidentiality, filed March 8, 2006 ("Confidentiality Order"). RRC also argues that sanctions may be warranted because Plaintiffs Holliday's failure to return the documents constitutes a wilful violation of a court order.

In their joint memorandum in opposition to both motions, Plaintiffs Holliday argue that this is a dispute whether the documents are attorney-client privileged or work product. They argue that the Document Retention Policy Overview (GM–RR 7252–7256): is not on legal letterhead, nor is it otherwise identifiable as being from a law firm; is not signed by an attorney; does not contain legal analysis, thoughts, or strategy; and contains only factual information about the retention of testing records. Plaintiffs Holliday argue that the testing records are relevant to the issues in the case. As to the notes on GM–RR 8216, Plaintiffs Holliday emphasize that Mr. Sleeman is not an attorney and his title is Senior Project Engineer Engine Controls. Plaintiffs Holliday also emphasize that nothing on the face of either document alerted their attorneys to the fact that the documents were "work product". Finally, Plaintiffs Holliday argue that the Motion for Return is untimely because RRC did not file it until three months after it first raised the issue.

## II. *Motion for Protective Order*

RRC filed a Motion for Summary Judgment on April 18, 2006.[2] The district court set the hearing on the Motion for Summary Judgment for June 5, 2006.

Pursuant to Federal Rule of Civil Procedure 56(f), Plaintiffs Holliday moved to continue the hearing on the Motion for Summary Judgment to allow them to complete discovery relevant to the issues addressed in the motion. Of primary concern was their attempt to obtain reports regarding RRC's baseline engine system testing. Plaintiffs Holliday stated that

---

**2.** The motion was originally filed by RRC, which is a defendant in each of the three cases, and Defendants Allison Engine Company, Inc., dba Rolls–Royce Allison, Allison Engine Company, and General Motors Corpora-

tion, which are defendants in *Thomas, et al. v. K & S Helicopters, Inc., et al.,* CV 05–00319 DAE–LEK (*"Thomas"*). They later withdrew the motion as it applied to *Thomas*.

Jeff Higbie, a RRC employee, testified in his deposition that such documents should exist, but he was unable to find them. [Decl. of Stephen J. Purtill Pursuant to FRCP 56(f), filed 5/19/06, at ¶ 3.] Plaintiffs Holliday complained that RRC had failed to produce the documents in response to relevant requests for production of documents. Plaintiffs Holliday, however, noted that the district court "should only continue the motion if it does not deny it on the basis of the evidence already before it." [Id. at ¶ 5.]

In its reply, RRC argued that others had searched diligently for the reports but were unable to find them. RRC stated that the reports did not exist, and it was doubtful that they ever existed in the first place. [Reply in supp. of Motion for Summary Judgment, filed 5/25/06, at 18.] RRC submitted a declaration by Douglas Sleeman with the reply ("Sleeman Summary Judgment Declaration"). Mr. Sleeman stated that he reviewed Plaintiffs Holliday's discovery requests and personally spent over fifty hours searching for the engine test reports. He also asked other people to search as well, but no one was able to find any baseline engine test reports. Mr. Sleeman believes there are no other available documents to produce. [Id., Decl. of Douglas Sleeman at ¶¶ 2, 5.] In fact, Mr. Sleeman concluded that no formal reports were written for the tests Plaintiffs Holliday sought. Instead, the results of the tests were summarized in other documents, which had been produced to Plaintiffs Holliday. Mr. Sleeman stated that this was the typical practice for that type of tests during that time period. [Id. at ¶ 6.]

On June 15, 2006, the district court issued its order denying in part and granting in part RRC's Motion for Summary Judgment. The district court denied Plaintiffs Holliday's Rule 56(f) request, finding that they had not set forth sufficient facts to show that the test reports existed and that they had not shown that further discovery would produce evidence which would preclude summary judgment. In so ruling, the district court cited Mr. Sleeman's search for the reports and his conclusion that no reports were written for the tests. The district court ultimately denied RRC's Motion for Summary Judgment in part, finding that there a genuine issue of fact regarding whether the SAG contributed to the fracture of the CAC.

On June 20, 2006, Plaintiffs Holliday noticed Mr. Sleeman's deposition for July 10, 2006. The notice directed him to bring with him "any and all records concerning 'engine testing' of the baseline design as referred to his [sic] declaration in reply to Rolls–Royce's Motion for Summary Judgment" and "his notes, timesheets, specifically the work performed, all engine testing logs he reviewed, and all documents related to the subject engine modification at issue in this case that he did find." [Exh. B to Motion for Protective Order, Notice of Oral Depositions at 3.]

RRC now seeks a protective order preventing Plaintiffs Holliday from deposing Mr. Sleeman. RRC argues that the deposition is unwarranted because: the district court denied the continuance for further discovery; all baseline engine test reports that could be found and were responsive to Plaintiffs Holliday' discovery requests were produced; Mr. Sleeman's work with respect to the case is either privileged or protected under the work product doctrine; and he does not have substantive knowledge of the case. RRC also states that it will not call Mr. Sleeman as a witness at trial. RRC argues that his deposition would be unduly burdensome, harassing, and irrelevant.

Plaintiffs Holliday argue that the district court's denial of their Rule 56(f) motion does not render Mr. Sleeman's deposition

unnecessary. Plaintiffs Holliday argue that they need to cross-examine the statements in the Sleeman Summary Judgment Declaration. Plaintiffs Holliday want to question him regarding where he searched and whether he actually did what he claimed he did. Plaintiffs Holliday intend to call Mr. Sleeman as a witness at trial and argue that they need to have his deposition available in the event that he is unable to testify. They state that they will request a jury instruction that there is a rebuttable presumption that the testing documents exist and that RRC destroyed them because the documents' contents were incriminating.

## DISCUSSION

### I. Motion for Return

RRC argues that the inadvertently disclosed documents are protected by the attorney-client privilege and/or the work product doctrine. This Court must determine: 1) whether the attorney-client privilege or the work product doctrine applies to the documents; and 2) whether RRC waived the privilege or the work product protection by inadvertently disclosing them to Plaintiffs Holliday.

### A. Attorney–Client Privilege

██ Plaintiffs Holliday originally filed their cases in state court and Defendant McDonnell Douglas Helicopter Company removed them based on federal enclave

jurisdiction and 16 U.S.C. § 457, which governs wrongful death claims that arise from incidents in a national park. The plaintiffs in *Thomas* filed their case in the district court based on diversity jurisdiction.[3] In either case, this Court must look to Hawai'i state law to determine whether the documents are protected under the attorney-client privilege. *See, e.g., Howard v. Comm'rs of the Sinking Fund of Louisville*, 344 U.S. 624, 626–27, 73 S.Ct. 465, 97 L.Ed. 617 (1953) (application of state law in federal enclave jurisdiction); *KL Group v. Case, Kay & Lynch*, 829 F.2d 909, 918 (9th Cir.1987) ("The availability of the attorney-client privilege in a diversity case is governed by state law." (citing Fed. R.Evid. 501)).

### 1. Whether the privilege applies

██ The Hawai'i Supreme Court has stated:

> To come within the attorney-client privilege, the communication must be a "confidential communication made for the purpose of facilitating the rendition of professional legal services" between appropriate parties as stated in [Hawai'i Rule of Evidence] 503(b).[4] Accordingly, a communication occurring in the following manner is privileged:
>
> (1) where legal advice of any kind is sought (2) from a professional legal adviser in his [or her] capacity as such, (3) the communication relating to that pur-

---

3. This Court granted Plaintiffs Holliday's motion to consolidate the cases on February 3, 2006.

4. Rule 503(b) states:
 A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client (1) between the client or the client's representative and the lawyer or the lawyer's representative, or (2) between the lawyer

and the lawyer's representative, or (3) by the client or the client's representative or the lawyer or a representative of the lawyer to a lawyer or a representative of a lawyer representing another party in a pending action and concerning a matter of common interest, or (4) between representatives of the client or between the client and a representative of the client, or (5) among lawyers and their representatives representing the same client.
 Haw. R. Evid. 503(b).

pose, (4) made in confidence (5) by the client, (6) are at his [or her] instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) except the protection be waived.

*Save Sunset Beach Coal. v. City & County of Honolulu,* 102 Hawai'i 465, 484–85, 78 P.3d 1, 20–21 (2003) (citations omitted) (some alterations in original). The attorney-client privilege under Hawai'i law, like that under federal law, is based upon the common law privilege. *See DiCenzo v. Izawa,* 68 Haw. 528, 535, 723 P.2d 171, 175 (1986) (stating that Rule 503 codified the common law attorney-client privilege, which had been long recognized by Hawai'i courts); Fed.R.Evid. 501 (stating that "the privilege of a witness ... shall be governed by the principles of the common law as they may be interpreted by the courts of the United States in light of reason and experience"). The party claiming the privilege has the burden of establishing that it applies. *See DiCenzo,* 68 Haw. at 536, 723 P.2d at 176.

### a. *GM–RR 7252–7256*

This document was prepared by RRC's counsel, Rumberger, Kirk & Caldwell ("Rumberger"), in a case pending in Florida. It summarizes the document retention polices of RRC and other related entities. RRC argues that it also contains Rumberger's "views and opinions" of those policies. [Mem. in Supp. of Motion for Return at 3.] RRC states that Rumberger prepared the document for use in the Florida litigation and to provide advice to RRC. RRC concedes that the underlying documents described in the summary are not privileged; RRC has already produced those to Plaintiffs Holliday. [*Id.* at 4.]

█ The attorney-client privilege protects confidential communications. *See* Haw. R. Evid. 503(b); *see also Upjohn Co. v. United States,* 449 U.S. 383, 395, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981) ("The privilege only protects disclosure of com-

munications; it does not protect disclosure of the underlying facts by those who communicated with the attorney[.]"). The nature of GM–RR 7252–7256 itself does not indicate that it is a communication by counsel to RRC. RRC states that Rumberger prepared it to provide advice to RRC, but it did not present any evidence that Rumberger actually provided the document to RRC. RRC has not met is burden of establishing that GM–RR 7252–7256 was a confidential communication between RRC and its counsel. The Court therefore finds that the attorney-client privilege does not apply to the document.

### b. *GM–RR 8216*

This document contains handwritten notes by Mr. Sleeman. RRC concedes that the document without Mr. Sleeman's notes is not privileged and RRC has produced a copy to Plaintiffs Holliday. RRC argues that Mr. Sleeman made the handwritten notations on the document to assist counsel in the defense of the instant case. [Mem. in Supp. of Motion for Return at 4.] Mr. Sleeman states that the notes "contain views and opinions of RRC's in-house legal team" regarding the underlying document. [Motion for Return, Decl. of Douglas Sleeman at ¶ 5.]

█ Insofar as Mr. Sleeman wrote the notations for counsel to assist in the preparation of RRC's defense, they are a communication by a client to its legal adviser. RRC, however, has not provided any information regarding how the document was transmitted to counsel. The Court cannot find that the communication was confidential. The Court therefore finds that the attorney-client privilege does not apply to GM–RR 8216.

### B. *Work Product Doctrine*

█ RRC also argues that GM–RR 7252–7256 and GM–RR 8216 are attorney

work product. "Unlike the attorney-client privilege, the work-product doctrine is a procedural immunity and not an evidentiary privilege." *F.D.I.C. v. Fid. & Deposit Co. of Maryland,* 196 F.R.D. 375, 381 (S.D.Cal.2000) (citation omitted). The scope of the work-product doctrine is therefore determined by federal law, even when the federal court applies state substantive law. *See, e.g., Baker v. Gen. Motors Corp.,* 209 F.3d 1051, 1053 (8th Cir. 2000); *Frontier Ref., Inc. v. Gorman–Rupp Co., Inc.,* 136 F.3d 695, 702 n. 10 (10th Cir.1998); *Fid. & Deposit Co.,* 196 F.R.D. at 381.

### 1. *Whether the doctrine applies*

■ The work product doctrine provides a qualified immunity for material prepared in anticipation of litigation by a party or its representative. *See Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947). In order to be protected under the work product doctrine, the material must meet the following conditions: (1) be a document or tangible thing; (2) be prepared in anticipation of litigation or for trial; and (3) be prepared by or for a party, or by or for its representative. *See* Fed.R.Civ.P. 26(b)(3). The burden of establishing work product protection lies with the proponent, and "it must be specifically raised and demonstrated rather than asserted in a blanket fashion." *Yurick v. Liberty Mut. Ins. Co.,* 201 F.R.D. 465, 472 (D.Ariz.2001) (citations omitted).

There are two types of work product: fact work product, "written or oral information transmitted to the attorney and recorded as conveyed by the client"; and opinion work product, "any material reflecting the attorney's mental impressions, opinions, conclusions, judgments, or legal theories." *In re Columbia/HCA Healthcare Corp. Billing Practices Litig.,* 293 F.3d 289, 294 (6th Cir.2002) (citations and quotation marks omitted). The protection accorded fact work product can be pierced

where the opposing party can demonstrate a substantial need for the information and that he cannot otherwise obtain the substantial equivalent of the work product without undue hardship. *See* Rule 26(b)(3). Opinion work product, however, is afforded greater protection. *See id.* ("In ordering discovery of such materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation.").

#### a. *GM–RR 7252–7256*

■ GM–RR 7252–7256 is a document that RRC's counsel prepared in preparation for litigation in Florida. The majority of the document is factual in nature, summarizing the contents of various document retention policies. There are a few statements expressing counsel's opinions of those policies, for example statements regarding the relevancy of a particular policy. These statements are opinion work product and are entitled to protection. The remainder of the document is fact work product, which Plaintiffs Holliday may obtain if they demonstrate that they have a substantial need for it and that they cannot obtain it from another source without undue hardship.

Plaintiffs Holliday have not argued that they have a substantial need for the fact work product in GM–RR 7252–7256. Further, even assuming, *arguendo,* that Plaintiffs Holliday had a substantial need, they can obtain the information in GM–RR 7252–56 from the underlying documents themselves, which RRC has already produced. The Court therefore finds that Plaintiffs Holliday are not entitled to either the opinion work product or the fact work product in GM–RR 7252–7256.

#### b. *GM–RR 8216*

Mr. Sleeman, an employee of RRC, wrote notations on an existing document in order assist counsel in preparing the defense for this case. It is difficult for the Court to discern which notations Mr. Sleeman added because the information in the underlying document itself was also written by hand. It appears that the primary addition is three lines of text written at the bottom of the page. The three lines of text, as well as any other notations that Mr. Sleeman may have made—such as circling a block of text, convey factual information and are therefore fact work product.

 Plaintiffs Holliday have not argued that they have a substantial need for the fact work product in GM–RR 8216. Further, in light of the content of the textual notation, Plaintiffs Holliday may obtain the information in the notation by other means without undue hardship. The Court therefore finds that Plaintiffs Holliday are not entitled to the fact work product in GM–RR 8216.

#### 2. *Whether RRC waived the protection*

 Plaintiffs Holliday argue that RRC waived the protection of the work product doctrine because the Motion for Return is untimely. They point out that three months elapsed between the inadvertent disclosure and the filing of the Motion to Return. RRC inadvertently produced GM–RR 7252–7256 and GM–RR 8216 on April 3, 2006 and May 17, 2006, respectively. RRC filed the Motion for Return on July 13, 2006. In the interim, RRC's counsel sent numerous communications to Plaintiffs Holliday's counsel in an attempt to secure the return of the documents without court intervention. RRC's efforts were diligent and reasonable and the Court rejects Plaintiffs Holliday's argument that RRC waived the work product

protection by filing the Motion for Return approximately three months after the first inadvertent disclosure.

The Confidentiality Order states:

Inadvertent production by any party of a document containing attorney-client communications, attorney work product, other privileged information, CONFIDENTIAL INFORMATION, TECHNICAL DATA, trade secrets or proprietary information shall not constitute a wavier of privilege. Any such document any copies made of it shall be returned to the producing party immediately upon the producing party's request.

[Confidentiality Order at ¶ 10.] Under the stipulated terms of the Confidentiality Order, RRC's inadvertent disclosure of GM–RR 7252–7256 and GM–RR 8216 does not constitute a waiver of the protection of the work product doctrine. RRC's Motion for Return is therefore GRANTED to the extent that Plaintiffs Holliday must return all copies of GM–RR 7252–7256 and GM–RR 8216 to RRC.

#### 3. *Sanctions*

 RRC states that sanctions may be appropriate because Plaintiffs Holliday's failure to return the documents constitutes a wilful violation of a court order. [Mem. in Supp. of Motion for Return at 7.] The Court finds that sanctions are not warranted under the circumstances. As Plaintiffs Holliday point out, neither of the documents are on legal letterhead, nor are they signed by or addressed to an attorney. There is nothing on the face of either document that clearly identifies it as work product. The Court cannot find that Plaintiffs Holliday wilfully violated the Confidentiality Order by refusing to return the documents. RRC's Motion for Return is therefore DENIED to the extent that it requests sanctions for Plaintiffs Holliday's failure to return the documents.

## II. *Motion for Protective Order*

A court may issue a protective order, upon good cause shown

to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(1) that the disclosure or discovery not be had;

(2) that the disclosure or discovery may be had only on specified terms and conditions, including a designation of the time or place;

. . . . .

(4) that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters[.]

Fed.R.Civ.P. 26(c).

■■■ Rule 26, however, specifically provides: "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . [or] reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). Relevancy, for purposes of Rule 26(b), is a broad concept that is construed liberally. "Discovery is not limited to the issues raised only in the pleadings, but rather it is designed to define and clarify the issues." *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D.Cal.1992) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). Therefore, "discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D.Cal. 1995) (citation omitted).

■■■ The baseline engine test reports, if they exist, are relevant to the issue whether the SAG contributed to the cause of the accident. RRC argues that the district court's denial of Plaintiffs Holliday's Rule 56(f) motion renders Mr. Slee-man's deposition unnecessary. This Court disagrees. The district court merely found that Plaintiffs Holliday did not present sufficient evidence of the baseline engine test reports' existence to warrant a continuance of the summary judgment hearing. The district court's ruling does not preclude Plaintiffs Holliday from using such reports at trial, if they are able to obtain the reports. RRC offered the Sleeman Summary Judgment Declaration as evidence that there are no baseline engine test reports and that all discoverable documents related to the tests have been produced. Plaintiffs Holliday are entitled to depose Mr. Sleeman to determine the bases for the statements in the declaration. RRC's Motion for Protective Order is therefore DENIED.

## *CONCLUSION*

On the basis of the foregoing, RRC's Motion to Compel Plaintiffs to Return Privileged Documents that Were Inadvertently Produced, filed July 13, 2006, is HEREBY GRANTED IN PART AND DENIED IN PART, and RRC's Motion for Protective Order, filed July 13, 2006, is HEREBY DENIED.

The Court ORDERS Plaintiffs Holliday to return any and all copies of GM–RR 7252–7256 and GM–RR 8216 in their possession or in the possession of their counsel, experts, or other witnesses and agents, by no later than August 31, 2006.

The Court ORDERS RRC to produce Mr. Sleeman for deposition by Plaintiffs Holliday at a date and location to be agreed upon by the parties. The deposition shall be limited to the subjects addressed in the Sleeman Summary Judgment Declaration and shall be no more than two hours in length.

RRC's counsel shall retrieve the documents submitted to the Court for *in cam-*

*era* review by no later than August 31, 2006.

IT IS SO ORDERED.